Michael SANDERS, Plaintiff,

v.

SWIFT TRANSPORTATION COMPA-
NY OF ARIZONA, LLC and Inter-
state Equipment Leasing, Inc., Defen-
dants.

Case No. 10–cv–03739 NC.

United States District Court,
N.D. California,
San Francisco Division.

Jan. 17, 2012.

H. Tim Hoffman, Arthur William Lazear, Chad A. Saunders, Hoffman & Lazear, Randall Charles Crane, Law Offices of Randall Crane, Oakland, CA, for Plaintiff.

Babak G. Yousefzadeh, Ellen Marie Bronchetti, Paul Scott Cowie, Sheppard Mullin Richter & Hampton LLP, San Francisco, CA, Ronald John Holland, II, Littler Mendelson, San Jose, CA, for Defendants.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Re: Dkt. No. 52

NATHANAEL M. COUSINS, United States Magistrate Judge.

Defendants move to compel arbitration and to dismiss or stay the action, arguing that Sanders' claims against Defendants are subject to an arbitration clause signed by Sanders and Swift and therefore must be resolved through arbitration. Dkt. No. 52. Sanders opposes the motion, arguing that the arbitration clause at issue, which contains a class action waiver, is unenforceable under *Gentry v. Superior Court,* a California Supreme Court case holding that class action waivers in arbitration agreements are invalid in certain contexts. Dkt. No. 66. Sanders also argues that the arbitration of his claims is inappropriate because the contract containing the arbitration clause is procedurally and substantively unconscionable. *Id.* at 6.

Based on the papers submitted by the parties, the Court finds that the motion is appropriate for determination without oral argument. *See* Civil L.R. 7–1(b). Because *Gentry* was overruled by the Supreme Court in *Concepcion,* and because the Court may not consider challenges to the validity of a contract containing an arbitration clause when the arbitration clause delegates the authority to decide issues of arbitrability to the arbitrator, the motion is GRANTED.

## I.  BACKGROUND

Plaintiff Sanders brings this putative class action against Defendants Swift and Interstate for alleged violations of California labor laws and for executing two allegedly unconscionable contracts. Dkt. No. 8. All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 18, 20.

Plaintiff Sanders is a truck driver who claims to be a former employee of Swift and Interstate. Dkt. No. 8, Amended Compl. ¶ 4. Sanders alleges that Defendants, which are owned by the same principal shareholders and are operated for the purpose of transporting freight for customers of Swift, acted in concert "to treat Swift's employee workforce as independent contractors and to shift Swift's business expenses to [Swift's] drivers." *Id.* ¶¶ 1, 27. Sanders claims that Swift required him to sign two contracts in furtherance of this alleged scheme. *Id.* ¶ 43. The first is an Independent Contractor Agreement ("ICOA") with Swift, which made Sanders an independent contractor for Swift. *Id.* ¶ 21. The second is a lease agreement between Sanders and Interstate, a lessor of trucks and related equipment. *Id.* Under the lease agreement, Sanders leased a truck from Interstate. *Id.*

Sanders claims that both of these contracts are unconscionable under California law because they are contracts of adhesion

whose terms overwhelmingly favor Defendants. *Id.* ¶¶ 107–111. Additionally, Sanders claims that Defendants violated various California labor laws with respect to him and other similarly situated truck drivers by failing to pay them minimum wages, failing to reimburse their business expenses, failing to provide them with accurate wage statements, and forcing them to patronize Defendants' businesses. *Id.* ¶¶ 77–106.

The ICOA signed by Sanders and Swift contains an arbitration clause and a class action waiver. The ICOA arbitration clause provides:

> *All disputes* arising under, arising out of or relating to this Agreement, including an allegation of breach thereof, and any disputes arising out of or relating to the relationship created by the Agreement, including any claims or disputes arising under or relating to any state or federal laws, statutes or regulations, and any disputes as to the rights and obligations of the parties, *including the arbitrability of disputes* between the parties, *shall be fully resolved by arbitration* in accordance with Arizona's Arbitration Act and/or the Federal Arbitration Act.

Dkt. No. 59, Dudley Decl., Ex. A, Independent Contractor Agreement ¶ 25 (emphasis added). The class action waiver provides that the parties "specifically agree that no dispute may be joined with the dispute of another and agree that class actions under this arbitration provision are prohibited." *Id.*

The lease agreement signed by Sanders and Interstate does not contain an arbitration clause. Instead, it provides that "any claim or dispute arising from or in connection with this agreement, whether federal, state, local or foreign statutes, regulations, or common law ... shall be brought exclusively in the state or federal courts serving

Phoenix, Arizona." Dkt. No. 59, Parrish Decl., Ex. A, Equipment Leasing Agreement ¶ 21.

Defendants move to compel arbitration, arguing that the arbitration clause contained in the ICOA signed by Sanders and Swift requires that all claims in Sanders' complaint be resolved by arbitration because they arise out of or are related to the ICOA. Dkt. No. 52, Defs.' Mot. at 1.

Sanders opposes Defendants' motion, arguing that both the ICOA as a whole, as well as the arbitration clause it contains, are invalid and unenforceable. Dkt. No. 66, Sanders' Opp. at 5. Sanders requests that the Court dismiss the case in its entirety in the event that it grants Defendants' motion to compel. Dkt. No. 69, Joint Case Management Statement at 1.

## II. STANDARD OF REVIEW

■ The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration clause in a contract unless grounds exist "at law or in equity for the revocation of any contract." 9 U.S.C. § 2. An arbitration clause may be revoked by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent–A–Center, West, Inc. v. Jackson,* —— U.S. ——, 130 S.Ct. 2772, 2776, 177 L.Ed.2d 403 (2010). A party bound by an arbitration clause may bring a petition in district court to compel arbitration. 9 U.S.C. § 4. When a party files such a petition, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan, Inc. v. Premier Diabetic Services, Inc.,* 363 F.3d 1010, 1012 (9th Cir.2004). Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action. 9 U.S.C. § 3.

## III. DISCUSSION

### A. The Arbitration Clause Is Valid and Enforceable Under the FAA

■ Sanders makes two arguments in opposition to Defendants' motion to compel arbitration.[1] First, Sanders argues that the ICOA as a whole is invalid and unenforceable under the FAA because it is procedurally and substantively unconscionable, and that the Court and not the arbitrator must decide whether the ICOA is valid before determining whether any claims in this case are subject to arbitration. Sanders' Opp. at 5–6.

■ Sanders' challenge to the validity of the ICOA as a whole is fallacious. When the parties to a contract delegate to an arbitrator the exclusive authority to resolve disputes regarding the contract's enforceability, only challenges to the validity of the arbitration clause contained in the contract, as opposed to challenges to the validity of the contract as a whole, are relevant to a district court's determination of a motion to compel arbitration based on that contract. *Rent–A–Center,* 130 S.Ct. at 2778. This is because "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific

---

1. After briefing on Defendants' motion to compel was completed, Sanders submitted a statement to the Court containing a notice of a recent decision by the National Labor Relations Board regarding the enforceability of class action waivers in employment actions under the National Labor Relations Act ("NLRA"). The case is *D.R. Horton Inc.,* 357 N.L.R.B. No. 184 (January 3, 2012). Because Sanders makes no allegations in his complaint or in his opposition to Defendants' motion that his claims against Defendants are covered by the NLRA, *Horton* is inapposite and therefore the Court will not consider it in determining the motion.

agreement to arbitrate." *Id.* Here, the ICOA explicitly delegates to the arbitrator the authority to resolve "all disputes," including the "arbitrability of disputes," that may arise under the ICOA. *See* Independent Contractor Agreement ¶ 25. This broad delegation covers any disputes with respect to the validity and enforceability of the ICOA, including Sanders' claims of unconscionability. Accordingly, the Court may not and will not consider Sanders' challenge to the validity of the ICOA in deciding this motion, as that consideration is for the arbitrator. *See Rent–A–Center,* 130 S.Ct. at 2778.

■ Second, Sanders argues that the arbitration clause in the ICOA also is unenforceable because it requires him to waive "unwaivable statutory rights" under California labor laws, namely the ability to bring a class action against Defendants for alleged violations of California labor laws. Sanders' Opp. at 7. Sanders bases this argument on *Gentry v. Superior Court,* 42 Cal.4th 443, 64 Cal.Rptr.3d 773, 165 P.3d 556 (Cal.2007), a California Supreme Court case holding that class arbitration waivers in employment agreements are unconscionable if class arbitration is a superior method for vindicating rights under California labor laws.

Sanders' challenge to the validity of the arbitration clause also is ineffective, as the Supreme Court held recently that state law rules that stand as an obstacle to enforcement of arbitration agreements governed by the FAA, such as the rule in *Gentry,* are preempted by the FAA, whose purpose is to promote arbitration. *AT & T Mobility LLC v. Concepcion,* —— U.S. ——, 131 S.Ct. 1740, 1748–49, 179 L.Ed.2d 742 (2011). In *Concepcion,* the Supreme Court held that "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." 131 S.Ct. at 1748. *Concepcion*

"effectively overrules *Gentry* " because *Gentry* prohibits the arbitration of claims brought under California labor laws in certain contexts. *Lewis v. UBS Financial Services Inc.,* 818 F.Supp.2d 1161, 1167, No. 10–cv–04867 SBA, 2011 WL 4727795, at *5 (N.D.Cal. September 30, 2011). As Sanders' only challenge to the enforceability of the ICOA arbitration provision is based on *Gentry,* which is no longer good law after *Concepcion,* his challenge fails. Accordingly, the Court finds that the arbitration clause in the ICOA is valid and enforceable.

## B. The Arbitration Clause Covers All Claims in Sanders' Amended Complaint

■ Defendants argue that all claims in Sanders' amended complaint are covered by the arbitration clause in the ICOA because they arise out of the relationship created by the ICOA. Defs.' Mot. at 10. Sanders does not dispute this allegation.

The Court agrees with Defendants. Sanders' claims are based on the theory that Defendants acted jointly in treating him and the putative class members as independent contractors when they should have treated and paid as employees. Am. Compl. ¶¶ 1, 27. As Sanders' claims against Defendants are aimed directly at the independent contractor relationship created by the ICOA, the Court finds that the claims are covered by the arbitration clause in the ICOA. *See Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999) ("To require arbitration, [the plaintiff]'s factual allegations need only touch matters covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability.").

■ That Interstate was not a signatory to the ICOA does not affect this conclusion, as Sanders alleges in his complaint that Swift and Interstate acted

jointly in furtherance of a common scheme. Nonsignatories to an arbitration agreement "may be bound by the agreement under ordinary contract and agency principles," including incorporation by reference, assumption, agency, veil-piercing, and estoppel. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir.2006). A nonsignatory to an arbitration agreement may compel arbitration under the theory of equitable estoppel when the signatory to the arbitration agreement alleges "substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Chastain v. Union Sec. Life Ins. Co.*, 502 F.Supp.2d 1072, 1077 (C.D.Cal.2007) (citations omitted). Here, Interstate may compel Sanders to arbitrate the claims arising out of the ICOA based on the theory of equitable estoppel because Sanders, a signatory to the ICOA, alleges concerted misconduct by Interstate, a nonsignatory, and Swift, a signatory.

## IV. CONCLUSION

Because the arbitration clause in the ICOA is valid, and because the arbitration clause encompasses all claims in Sanders' complaint, Defendants' motion to compel arbitration is GRANTED. As the parties requested that the Court dismiss the action in the event that it grants Defendants' motion, Dkt. No. 69, Joint Case Management Statement at 1–2, Sanders' amended complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.